IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

           Plaintiff/Respondent,

v.                                         CIV 05-0974 LH/LAM
                                         CR 01-1309 LH

DANNY RAY CERVANTES,

           Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant Cervantes' *Motion Pursuant to 28 U.S.C. Motion 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (hereinafter "*Motion*")[2] *(Doc. 1)* filed on September 9, 2005.   In response to the *Motion*, Plaintiff/Respondent filed *Respondent United States' Answer in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. 2255* (hereinafter "*Answer*") *(Doc. 7)* filed on December 2, 2005.

Senior United States District Judge C. LeRoy Hansen referred the claims raised in the *Motion* to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[3]

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Boulevard, N.W., Albuquerque, New Mexico 87102.  **A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-05-0974.

[3]*See **Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases** (Doc. 6).*

Having considered the parties' submissions, relevant law and the record in this case and Case No. CR-01-1309, the undersigned recommends, for the reasons set forth below, that the claims raised in Mr. Cervantes' *Motion* be **DENIED**, without an evidentiary hearing and that this case be **DISMISSED WITH PREJUDICE**.

## Procedural Background

On July 3, 2001, Mr. Cervantes was arrested after marijuana was found in a vehicle he was driving.[4]  On September 6, 2001, attorney James W. Klipstine, Jr. entered his appearance[5] for Mr. Cervantes,  replacing Mr. Cervantes' Court appointed attorney.[6]  On October 4, 2001, Mr. Cervantes was indicted by a federal grand jury in the District of New Mexico on the charge of possession with intent to distribute 100 kilograms and more of marijuana contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B); and aiding and abetting contrary to 18 U.S.C. § 2.[7]

On October 19, 2001, Mr. Klipstine filed a *Motion to Suppress* asking the court to suppress evidence seized as a result of the traffic stop on July 3, 2001 and all evidence flowing from that traffic stop.[8]  Plaintiff United States objected to the *Motion to Suppress*,[9] and on October 24, 2001, the *Motion to Suppress* was denied without a hearing because the Court found that "[d]efense counsel

---

[4]*See " Presence Investigation Report," (Doc. 8, Exhibit 1* at 2) (filed as a separate sealed attachment to the *Answer* (*Doc. 7*)).

[5]*See Entry of Appearance (Doc. 15)*, filed in Case No. CR-01-1309.  Mr. Cervantes' implied ineffective assistance of counsel claim in his *Motion* relates to the performance of Mr. Klipstine.

[6]*See Substitution of Counsel (Doc. 14)*, filed in Criminal No. 01-4850M [the "M" indicates that the case was in front of a magistrate judge; after a defendant is indicted, a CR (criminal) number is assigned].

[7]*See Indictment (Doc. 17)*, filed in filed in Criminal No. 01-4850M .

[8]*See Motion to Suppress (Doc. 20)*, filed in Case No. CR-01-1309.

[9]*See United States' Response to Motion to Suppress (Doc. 21)* filed in Case No. CR-01-1309.

has utterly failed to present any factual basis and has cited no case law to support his suppression motion."[10]

On January 7, 2002, Mr. Cervantes entered into a written plea agreement (hereinafter "*Plea Agreement*") with the government.[11]  On the same date, he pled guilty to the charge in the indictment in a plea hearing before Senior United States District Judge John E. Conway.[12]  In the *Plea Agreement*, Mr. Cervantes agreed to cooperate with the United States in exchange for a possible downward departure, with the decision to seek a downward departure to be in the sole discretion of the United States Attorney.[13]  In paragraph 6(d) of the *Plea Agreement*, Mr. Cervantes agreed that he would not seek a downward departure from the applicable sentencing guideline range as determined by the Court and that if he "should nevertheless seek a downward departure, the United States [would] have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court."[14]  Mr. Cervantes also waived his right to appeal his sentence, except to the extent, if any, that the Court departed upwards from the applicable sentencing guideline range as determined by the Court.[15]

On March 31, 2003, Mr. Cervantes filed a *Motion to Withdraw Plea,* arguing that he had been induced into the plea agreement by the promise of an opportunity to cooperate and the

---

[10]*See **Order** (Doc. 23)* filed in Case No. CR-01-1309.

[11]*See **Plea Agreement** (Doc. 35)* filed in Case No. CR-01-1309.

[12]*See **Transcript of Danny Ray Cervantes' Plea Hearing*** (January 7, 2002), in Case No. CR-01-1309.

[13]*See **Plea Agreement*** at 5.

[14]*Id.* at 3.

[15]*Id.* at 6.

expectation of a downward departure.[16]    However, because he was not given the opportunity to cooperate and the government declined to file a motion for downward departure, Mr. Cervantes wanted to withdraw his guilty plea and proceed to trial.[17]  After a hearing,[18] Mr. Cervantes' *Motion to Withdraw Plea* was denied on April 30, 2003[19].

On March 31, 2003, Mr. Cervantes also filed a *Motion for Downward Departure*,[20] and *Defendant's Objections to Pre-Sentence Report*.[21]  On July 1, 2003, the parties filed a *Joint Motion to Amend Plea Agreement* which amended the original plea agreement by removing paragraph 6(d), and thereby removing the prohibition against Mr. Cervantes moving for a downward departure.[22] Despite the joint motion to amend the plea agreement, the government continued to oppose Mr. Cervantes' motion for a downward departure on its merits.[23]  The joint motion to amend the plea agreement was granted on July 7, 2003.[24]

During the sentencing hearing on September 18, 2003, United States District Judge Robert C. Brack held an evidentiary hearing on *Defendant's Objections to Pre-Sentence Report* and the

---

[16]*See Motion to Withdraw Plea (Doc. 60)* filed in Case No. CR-01-1309.

[17]*Id.*

[18]*See Transcript of Danny Ray Cervantes' Motion to Withdraw Plea Hearing* (April 28, 2003) in Case No. CR-01-1309; *Clerk's Minutes (Doc. 65)* filed in Case No. CR-01-1309.

[19]*See Order (Doc. 66)* filed in Case No. CR-01-1309

[20]*See Motion for Downward Departure (Doc. 58)* filed in Case No. CR-01-1309.

[21]*See Defendant's Objections to Pre-Sentence Report (Doc. 59)* filed in Case No. CR-01-1309.

[22]*See Joint Motion to Amend Plea Agreement (Doc. 69)* filed in Case No. CR-01-1309, at 1.

[23]*Id.*

[24]*See Order to Amend Plea Agreement (Doc. 70)* filed in Case No. CR-01-1309.

-4-

*Motion for Downward Departure*.[25]   Following testimony and argument from both parties, Judge

Brack overruled *Defendant's Objections to Pre-Sentence Report*,[26] adopted the findings in the

presentence report, and denied the *Motion for Downward Departure*[27].  On September 18, 2003,

Judge Brack sentenced Mr. Cervantes to one-hundred and eighty-eight (188) months of

imprisonment, five (5) years of supervised release, special conditions of supervision and a special

penalty assessment of $100.00.[28]

On September 29, 2003, Mr. Cervantes filed a *Notice of Appeal* to the Tenth Circuit Court

of Appeals.[29]   In his appeal Mr. Cervantes argued that:  1) the government breached the plea

agreement by failing to provide an opportunity to cooperate and to allow him to earn a downward

departure; 2) under these circumstances, the district court abused its discretion in denying his motion

to withdraw his plea; and 3) the district court abused its discretion by not considering his cooperation

when imposing his sentence.  *United States v. Cervantes*, 115 Fed. Appx. 1, *2-3 (10th Cir. 2004)

(unpublished).  On August 12, 2004, the Tenth Circuit affirmed the judgment of the District Court,[30]

and the mandate was issued on September 3, 2004.[31]

---

[25]*See Clerk's Minutes:  Sentencing Proceedings Before Judge Brack (Doc. 77)* filed in Case No. CR-01-1309.

[26]*See Transcript of Danny Ray Cervantes' Sentencing Hearing* (September 18, 2003) in Case No. CR-01-1309, at 28-33.

[27]*Id.* at 12, 23.

[28]*See Judgment in a Criminal Case (Doc. 78)*, filed in Case No. CR-01-1309, at 2-5.

[29]*See Notice of Appeal (Doc. 79)*, filed in Case No. CR-01-1309.

[30]*Id* at *12.

[31]*See* letter from the United States Court of Appeals for the Tenth Circuit, including a certified copy of the order and judgment which was issued as the mandate of the Court *(Doc. 84)*, filed in Case No. CR-01-1309.

On September 9, 2005, Mr. Cervantes, through counsel, Victor Sizemore, filed his **Motion** under 28 U.S.C. § 2255 asserting the claims described below.

### Cervantes' Claims

In his **Motion**, Mr. Cervantes makes the following claims:  1) he "was, in essence, coerced and forced into pleading guilty, under the terms and conditions of his plea agreement" because he was prevented from fulfilling his obligation to cooperate; 2) the government breached the plea agreement; and 3) the District Court improperly denied his motion to withdraw his plea.[32]  Although not directly stated, the Court also construes Mr. Cervantes' **Motion** to include a claim of ineffective assistance of counsel based on the allegations regarding Mr. Klipstine's actions,[33] and on a letter Mr. Cervantes mailed to Chief District Judge Martha Vázquez.[34]

In its **Answer** to the **Motion**, Plaintiff/Respondent United States of America (hereinafter "United States") argues that:  1) Cervantes' claim of an involuntary plea coerced by the United States due to its breach of the plea agreement is barred because this claim was previously considered and disposed of in a direct appeal to the Tenth Circuit; and 2) Cervantes' implied ineffective assistance of counsel claim (based on counsel's advice to take the plea agreement rather than pursue a motion

---

[32]*See* **Motion** at 3-4.

[33]*Id.* at 4.  Mr. Klipstine failed to file a brief in support of Mr. Cervantes' motion to suppress, stating in his affidavit, Exhibit A to the **Motion**, that the government had agreed to allow Mr. Cervantes to cooperate with authorities in an attempt to induce the government to file a motion for downward departure.

[34]On July 18, 2006, Chief District Judge Martha Vázquez received a letter from Mr. Cervantes in which he states, *inter alia*, "[m]y first attorney Mr. Klipstine, told me to file Inactive [Ineffective Assistance of] Counsel, that's what I thought my attorney now was doing, but did not."

-6-

to suppress evidence) does not rise to the level of an error of constitutional magnitude nor that the alleged error caused Mr. Cervantes any prejudice.[35]

## Analysis

## Claims Barred by Direct Appeal

It is well established in the Tenth Circuit that issues "previously considered and disposed of . . . on direct appeal" will not be considered in a § 2255 collateral attack.  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). *See also, United States v. Varela-Ortiz*, 189 Fed. Appx. 828, 830 (10th Cir. 2006) (unpublished) ("Because we already disposed of this issue on direct appeal, [Defendant] may not raise it again in a § 2255 petition.").  The Tenth Circuit also held that "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."  *Warner*, 23 F.3d at 291.

Mr. Cervantes has already had his claims (*i.e.,* that the United States breached the plea agreement, that his plea was not voluntary, and that the District Court improperly denied his motion to withdraw his plea) reviewed and denied in a direct appeal to the Tenth Circuit.  *United States v. Cervantes*, 115 Fed. Appx. 1 (10th Cir. 2004) (unpublished).  The Tenth Circuit held that Mr. Cervantes failed to allege any grounds for relief  because "the government made no promises to Cervantes that went unmet" and "[g]iven that the U.S. Attorney has sole discretion to decide whether to file a downward departure motion, his failure to do so was not a breach of the plea agreement." *Cervantes*, 115 Fed. Appx. at *7.

The Tenth Circuit also found that there was no basis for Mr. Cervantes' claim that his plea was entered under false pretenses as the express language of the plea agreement indicated that the

---

[35]*See Answer* at 13.

plea was knowing and voluntary; that during the plea hearing, "the district judge meticulously explained the terms of the agreement, including possible sentencing calculations, and obtained responses from Cervantes that his plea was made knowingly and voluntarily;" and "the district judge queried Cervantes' counsel regarding his client's understanding of the agreement." *Cervantes*, 115 Fed. Appx. at *10.  In affirming the District Court's denial of Mr. Cervantes' motion to withdraw his plea, the Tenth Circuit found that the District Judge properly reviewed the seven relevant factors used to determine whether a defendant has shown a fair and just reason for allowing the withdrawal of a guilty plea and properly concluded that Mr. Cervantes had not presented a fair and just reason for withdrawal of his plea.  *Id.* at *8.  The Tenth Circuit found that Mr. Cervantes' argument that "the government's failure to capitalize on his cooperative efforts [was] a 'fair and just' reason for granting his withdrawal motion" was "unavailing."  *Id.* at *8.

The Court, in the instant action, declines to consider Mr. Cervantes' claims that he was coerced into a plea agreement, that the government breached the plea agreement, and that the District Court erred in denying his motion to withdraw, because these claims have already been presented and disposed of in a direct appeal to the Tenth Circuit Court of Appeals.  *United States v. Cervantes*, 115 Fed. Appx. 1 (10th Cir. 2004) (unpublished).

### Ineffective Assistance of Counsel Claim Fails Under the *Strickland* Standard

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance of counsel claim under the *Strickland* standard, Mr. Cervantes must show that : 1) his attorney's performance fell below an objective standard of reasonableness; and 2) he was prejudiced by the attorney's deficient performance.  *Id.* at 687-688.

-8-

Both showings must be made to satisfy the *Strickland* standard. *Id.* at 687. A showing of unreasonable performance requires that Mr. Cervantes overcome the strong presumption that his attorney's conduct was within the wide range of reasonable professional assistance. *Id.* at 689. Additionally, because Mr. Cervantes pled guilty, the prejudice prong of the *Strickland* standard requires him to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The Court does not have to address both prongs of the *Strickland* standard if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

There is an implication in the ***Motion*** that Mr. Klipstine was ineffective for failing to file the required memorandum brief in support of the ***Motion to Suppress***.[36] Mr. Klipstine states, in his affidavit, that the reason he did not support the ***Motion to Suppress*** with a memorandum brief was that negotiations were being conducted with the United States to allow Mr. Cervantes to cooperate and the "decision was then made to focus on a Motion for Downward Departure."[37] The *Strickland* decision notes that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland,* 466 U.S. at 690. The Court finds that the decision to focus on the motion for downward departure was a strategic choice that was reasonable "from counsel's perspective at the time of the alleged error and in light of all the circumstances," and not ineffective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

---

[36]*See **Motion** (Doc. 1)* at 4.

[37]*See **Motion** (Doc. 1), Exhibit A, Affidavit of James W. Klipstine, Jr.,* at ¶ 9.

Mr. Cervantes also argues that there is "new evidence which really goes to the heart of the hearing and order denying [his] withdrawal of his plea."[38]  As evidence, Mr. Cervantes directs the Court to the affidavit from Mr. Klipstine which states "that there were significant issues concerning suppression of evidence based on the initial traffic stop."[39]  However, Mr. Klipstine reiterated the suppression of evidence argument before Judge Conway during the April 28, 2003 hearing on the ***Motion to Withdraw Plea***, to no avail.[40]  Judge Conway was made aware of potential suppression of evidence issues before he denied Mr. Cervantes' ***Motion to Withdraw Plea***.[41]  Mr. Cervantes offers no other 'new evidence' to this Court.

The Court finds that Mr. Klipstine's performance was not deficient and that Mr. Cervantes' implied ineffective assistance of counsel allegation to be without merit, on the basis that Mr. Klipstine's advice was appropriate during the plea bargaining phase of the proceedings and Mr. Cervantes voluntarily signed the plea agreement.

It is well-established that "a voluntary and unconditional guilty plea waives all non-jurisdictional defenses." *United States v. Salazar*, 323 F.ed 852, 856 (10th Cir. 2003).  When, as in this case,

> a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the plea by showing that the advice he received from counsel was not [competent].

---

[38]*See **Motion** (Doc. 1)* at 4.

[39]*See **Motion** (Doc. 1), Exhibit A, Affidavit of James W. Klipstine, Jr.,* at ¶ 4.

[40]*See **Transcript of Danny Ray Cervantes' Motion to Withdraw Plea Hearing*** (April 28, 2003) in Case No. CR-01-1309, at 6.

[41]*Id.*

*Id.* (*quoting Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (alteration in original).  During his plea hearing on January 7, 2002, Mr. Cervantes responded to judicial inquiries that his plea was knowing and voluntary,[42] and on the same date, Mr. Cervantes signed the plea agreement and agreed "that this plea of guilty is freely and voluntarily made."[43]  During a hearing on April 28, 2003, Judge Conway found Mr. Cervantes' plea was knowing and voluntary[44] and the Tenth Circuit Court of Appeals affirmed that decision (*Cervantes*, 115 Fed. Appx. at \*9-\*10).

Mr. Cervantes agreed to cooperate with the United States to have the <u>opportunity</u> to get a downward departure, but there were no guarantees.  Paragraph 10(e) of the ***Plea Agreement*** clearly states that the decision to move for a downward departure was in the sole discretion of the United States Attorney.[45]  Mr. Cervantes exchanged his suppression hearing for a chance at a downward departure but lost the gamble.  Given the challenges of successfully pursuing motions to suppress evidence, and in view of Mr. Cervantes' lengthy criminal history,[46] the decision was a reasonable strategic choice at the time.

The Court finds that Mr. Cervantes has provided no evidence to support a claim that Mr. Klipstine's performance was in any way deficient during the negotiation and entry of his guilty plea and, therefore, the Court **FINDS** that Mr. Cervantes waived any suppression of evidence claim when he entered his guilty plea.

---

[42]*See **Transcript of Danny Ray Cervantes' Plea Hearing*** (January 7, 2002) in Case No. CR-01-1309 at 3-7.

[43]*See **Plea Agreement** (Doc. 35)* in Case No. CR-01-1309 at 6.

[44]*See **Transcript of Danny Ray Cervantes' Motion to Withdraw Plea Hearing*** (April 28, 2003) in Case No. CR-01-1309, at 8.

[45]*See **Plea Agreement** (Doc. 35)* in Case No. CR-01-1309 at 5.

[46]*See " Presentence Investigation Report," (Doc. 8, Exhibit 1)* (filed as a separate sealed attachment to the **Answer** (*Doc. 7*)) at 5-10.

**<u>Conclusion</u>**

The Court recommends that Mr. Cervantes' ***Motion Pursuant to 28 U.S.C. Motion 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*** be dismissed with prejudice because Mr. Cervantes' claims are procedurally barred or without merit.

**WHEREFORE, IT IS HEREBY RECOMMENDED** that Mr. Cervantes' ***Motion Pursuant to 28 U.S.C. Motion 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)*** be **DISMISSED with prejudice**.

*Lourdes a. Martinez*
**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**

-12-