IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                CIV 05-0974 LH/LAM
                                  CR 01-1309 LH

DANNY RAY CERVANTES,

        Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION *(Doc. 10)*

On March 13, 2007, the Magistrate Judge assigned to this case filed her *Proposed Findings and Recommended Disposition* (hereinafter *"PF&RD"*) *(Doc. 10)* recommending that Defendant/Movant Cervantes' *Motion Pursuant to 28 U.S.C. Motion 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (hereinafter *"§ 2255 Motion"*) *(Doc. 1)* be denied and this case dismissed with prejudice because the claims were procedurally barred or without merit.[1] On March 30, 2007, Mr. Cervantes filed timely *Objections to Proposed Findings and Recommended Disposition* (hereinafter *"Objections"*) *(Doc. 13)*.[2] Respondent United States did not file objections and the deadline for filing objections expired on March 30, 2007.

The Court has conducted a *de novo* review of those portions of the *PF&RD* to which Mr. Cervantes objects and finds that the objections have no merit. Accordingly, the Court has determined that it will adopt the *Proposed Findings and Recommended Disposition (Doc. 10)*, and

---

[1] *PF&RD (Doc. 10)* at 12.

[2] The Court is aware that Mr. Cervantes originally filed his objections on March 29, 2007 *(Doc. 11)*; however, due to a filing deficiency, the *Objections (Doc. 13)* were re-filed on March 30, 2007.

dismiss Defendant/Movant Cervantes' *Motion Pursuant to 28 U.S.C. Motion 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* and this case with prejudice by a final order entered concurrently with this order.

In his *Objections*, Mr. Cervantes argues that the Magistrate Judge abused her discretion in denying the *Defendant/Movant's Motion for Court Ordered Briefing Schedule and Evidentiary Hearing on the Motion Pursuant to 28 U.S.C. Sec. 2255* filed on September 22, 2005 (Doc 2). Although he admits that the Court has complete discretion under the Rules Governing § 2255 Proceedings, Mr. Cervantes argues that this denial hindered his ability to pursue newly discovered evidence regarding an affidavit obtained from his previous attorney.[3] The Court finds the Magistrate Judge did not abuse her discretion in denying Mr. Cervantes' motion as the Magistrate Judge denied the motion **without prejudice**, "with leave to renew the request if Defendant can make the requisite showing of his need for discovery," including any proposed interrogatories, requests for admission and requests for specific documents as required by Rule 6(b) of the Rules Governing § 2255 Proceedings for the United States District Courts.[4] Mr. Cervantes failed to renew the motion and include the required documents and requests.

Mr. Cervantes also objects to the Magistrate Judge's denial of his request for an evidentiary hearing in the *Defendant/Movant's Motion for Court Ordered Briefing Schedule and Evidentiary Hearing on the Motion Pursuant to 28 U.S.C. Sec. 2255*.[5] The Court finds the Magistrate Judge

---

[3] *Objections (Doc. 13)* at 2.

[4] *Order Denying Defendant/Movant's Motion for Court Ordered Briefing Schedule, and Evidentiary Hearing on the Motion Pursuant to 28 U.S.C. Sec. 2255 (Doc. 2) (Doc. 9)* at 1-2.

[5] *Objections (Doc. 13)* at 3.

correctly denied Mr. Cervantes' request for an evidentiary hearing, filed on the same day as his *§ 2255 Motion*, as premature and notes that Mr. Cervantes failed to renew his request for an evidentiary hearing although it also was denied without prejudice.[6]

Mr. Cervantes makes a general objection to the findings in the *PF&RD* that his claims had "all been apparently already decided by the district court or on direct appeal."[7] However, Mr. Cervantes offers no legal grounds to support this objection and offers only vague references to "new issues regarding allegations of a coerced plea" and the Court's alleged interference with his development of the evidence.[8] The Court finds this objection to be without merit because the Tenth Circuit Court of Appeals affirmed the District Court's finding that Mr. Cervantes' plea was knowing and voluntary *(United States v. Cervantes*, 115 Fed. Appx. 1, *9-10 (10th Cir. 2004) (unpublished)). Mr. Cervantes also fails to specify what evidence in the "newly obtained affidavit of his [former] attorney"[9] would provide legal support for finding the plea was coerced. The Court finds these vague conclusory allegations to be without merit.

Following a *de novo* review of those portions of the *PF&RD* to which Mr. Cervantes objects the Court finds that the objections have no merit and will adopt the *Proposed Findings and Recommended Disposition (Doc. 10)* as entered.

**IT IS THEREFORE ORDERED** that the Court adopts the *Proposed Findings and Recommended Disposition (Doc. 10)*;

---

[6]*Order Denying Defendant/Movant's Motion for Court Ordered Briefing Schedule, and Evidentiary Hearing on the Motion Pursuant to 28 U.S.C. Sec. 2255 (Doc. 2) (Doc. 9)* at 2.

[7]*Objections (Doc. 13)* at 2.

[8]*Id*. at 4.

[9]*Id.* at 2.

A final order dismissing Defendant/Movant Cervantes' ***Motion Pursuant to 28 U.S.C. Motion 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (Doc. 1) and this case with prejudice will be entered concurrently with this order.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**C. LEROY HANSEN
SENIOR UNITED STATES DISTRICT JUDGE**